————o————

No. 3787.

Court of Appeal, Parish of Orleans.

JOHN J. CRILLEN et als. vs. NEW ORLEANS TERMINAL COMPANY.

1. Prior to the adoption of the Constitution of 1879, taxes were assessed in the preceding year for the succeeding year, in which they were collectable.
2. A sale therefore, for the taxes of 1873 was perfectly valid where the taxes were assessed in the year 1872, at a time when the tax debtor was living.
3. If the property was correctly forfeited to the State, then the plaintiffs are without interest to urge any objections as to the subsequent mesne conveyances emanating from the State.

Appeal from Civil District Court, Division "D."

F. Rivers Richardson, for Plaintiff and Appellant.

Dufour & Dufour & W. W. Wall, for Defendant and Appellee.

ESTOPINAL, J. This is a suit brought by plaintiff to annul a tax sale held by the defendant by mesne conveyance from the State of Louisiana, the State having acquired the property by adjudication made to it under the revenue law of the year 1882, and by forfeiture under the revenue acts of 1871 and 1877.

The answer of the defendant avers the validity of the title held by it, and pleads the prescription of three years in support of said title.

The facts of the case as proved by documents and admissions as evidence, are as follows:

162

The property described in the petition was acquired by James Crillen, the father and grandfather of the plaintiffs.

He died April 3, 1873. The taxes of 1873 and subsequent years were assessed in his name, and were unpaid; the first forfeiture for nonpayment of State taxes was for the taxes of 1873, and there was a forfeiture for each of the years from 1873 to 1877; there was also a sale to the State for the taxes of 1882, in 1885. After the sale to the State, there was an adjudication of the property under Act. 82 of 1884, to one Joseph Schemel, who assigned, all of his rights under said adjudication to M. J. Larkin. No deed was taken out under Act 82 of 1884, until 1903, although the adjudication was made at a time about fifteen years preceding this date. The purchaser under Act 82 of 1884, having failed to pay the State tax for the years subsequent to 1879, assumed by him as part of the purchase price, the property was advertised for sale under Act 80, of 1888, by the State Tax Collector, failed to sell, and was returned to the Auditor, to be sold by him at private sale, in accordance with the provisions of the law. On the 4th of December, 1902, the Auditor sold the property to the Aztec Land Company, and this title was passed, by mesne conveyances, to the defendant."

To determine plaintiff's interest and rights in this litigation it is only necessary for us to ascertain whether the taxes of 1873, which became delinquent and for which the property was forfeited to the State, were legally assessed.

The plaintiff contends that their author, James Crillen, died in 1873, and that therefore, on the theory that the taxes of 1873, were assessed in that year, the assessment was made in the name of a dead man, and consequently, not valid.

The law and jurisprudence entirely defeat this contention. In Clifford, Widow, vs. Michiner et als, 49 A. p. 1511, the Court said:

"The taxes due on the property, the deed recites, are for the years 1876, 1877 and 1888. For the last two years the assessments were unquestionably after the owner's death. But there remains the assessment of 1876, sufficient, if valid, to maintain the deed."

Now in the instant case, in whatever manner the assessment may have been made subsequent to the year 1873, cannot concern

163

the plaintiff, provided the assessment which created the tax of 1873, was legally made.

It is not disputed that the taxes of 1873 were delinquent, nor that James Crillen died in 1873.

Prior to the adoption of the Constitution of 1879, taxes were assessed in one year and were collectable in the next.

James Crillen was alive in 1872, in which year the assessment for the taxes of 1873, was perfected, and therefore, that assessment was valid.

If the property was correctly forfeited to the State then, the plaintiffs are without interest to argue any objections as to the subsequent mesne conveyances emanating from the State.

If the State has not properly divested herself of her title under the forfeiture of the taxes of 1873, then any fault or defect in any subsequent deed made by her would not thereby create any right in the plaintiffs or aid them in claiming the property.

Our Supreme Court, passing upon issues almost identical with the ones at bar, in the case of Clifford vs. Michiner, 49th A. 1511 N. R. S. said:

"Counsel's contention is evidently based upon the hypothesis that the tax assessment which was made during the year 1876 was the foundation of the taxes which were collectable in the year 1876, but that is altogether erroneous. In the year prior to the adoption of the Constitution of 1879, taxes were assessed in one year and made collectable in the next calendar year thereafter; but by the terms of the organic law and revenue laws subsequently enacted, that system was changed, and taxes were made collectable in the same year in which they were assessed. The terms of the Constitution are as follows: The tax shall be designated by the year in which it is collectable, and the tax on immovable property shall be collected in the year in which the assessment is made. Const. 1879, Art 211. And the revenue law of 1880, provides: That all taxes shall be collectable in the calendar year in which the assessment is made; and they shall be designated as the taxes of 1880, and of each subsequent year, accordingly as they are collectable. Acts

164

1880, No. 77, Section 6. In the Succession of Stewart, 41 La. An. 127, reference was made to the foregoing provisions, and the former statement occurs therein, to-wit: "That Legislation was absolutely necessary, because all State taxes assessed in years anterior to the adoption of the Constitution were not collectable until the following year; that is to say, not until the year following the one in which the assessment is made. Therefore, the taxes of 1876 must have been assessed in 1875—the year previous to the death of Martin Druhan—and the charge of their illegality is altogether groundless. The validity of the taxes of the year 1876 was sufficient to found a valid tax sale under Act 82 of 1884. Dibble vs. Leppert, 47 La. An. 792; Poland vs. Dreyfous, 48 An. 83; 49 An. 1511."

We therefore hold, that the assessment for the year 1873 was made during the lifetime of James Crillen, and that the same was good and valid and sustains the subsequent forfeiture of the property involved here.

We find no error in the judgment appealed from, and said judgment is hereby affirmed.

Feb. 5, 1906.

Rehearing refused Feb. 19, 1906.

Writ granted March 19, 1906.

Judgement affirmed by Supreme Court June 27, 1906.